<partyblock>

Karim Panjwani, Respondent,  

against

MTA Bus Company and New York City Transit Authority, Appellants.

Armienti, DeBillis, Guglielmo & Rhoden, LLP (Mohammad M. Haque of counsel), for appellants.

Law Offices of Michael A. Cervini, (Michael A. Cervini and Robert Adams of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered January 17, 2017. The order denied defendants' motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, without costs.

In this negligence action, plaintiff seeks to recover damages for personal injuries he sustained when, while he was a passenger on defendants' bus, the bus stopped suddenly, causing him to fall. In their answer, defendants denied the material allegations of the complaint and asserted affirmative defenses. At plaintiff's statutory hearing and deposition, he testified that he had noticed two kids playing with the rear door of the bus or trying to open it, that he had gotten up and told the bus driver to stop the bus, and that the driver did not do so. Plaintiff further testified that he believed that, a few minutes later, the driver had hit the brakes heavily, which had caused him to fall. The bus driver testified at his deposition that he had not pressed on the brakes to stop the bus. The driver stated that he had seen people leaning and pushing against the back door and noted that, if the back door is pushed hard enough, the bus will automatically come to a complete stop.

Defendants thereafter moved for summary judgment dismissing the complaint, arguing that they are not liable for the accident in that the bus driver had not applied the brakes and caused the bus to stop short. Defendants submitted an affidavit by a bus maintenance supervisor with the MTA, who stated that the children pushing the rear door open had caused the bus's safety feature
to automatically apply the brakes of the bus, causing it to suddenly stop.

In opposition to the motion, plaintiff argued that, since defendants admitted that the bus had come to a sudden and hard stop, a triable issue exists as to whether the bus driver could have [*2]exercised reasonable care to prevent the children from playing with the rear door, thereby avoiding the sudden and hard stop.

The Civil Court denied the motion, stating that "[t]here are questions as to whether the bus driver knew or should have been aware that the children were attempting to open the rear doors of the bus which would cause the brakes to automatically engage. Also there is an issue of whether the driver was put on notice of the fact that the children were attempting to open the doors by the plaintiff."

On appeal, defendants argue that plaintiff's opposition to the motion should have been rejected, as it sought to rely on a theory of liability that had not been set forth in his pleadings. Defendants also argue that they are not liable for the unforeseen actions of unidentified third persons.

Where a defendant is the proponent of a motion for summary judgment, it must establish that the "cause of action . . . has no merit" and the motion will "be granted if, upon all the papers and proof submitted, the . . . defense shall be established sufficiently to warrant the court as a matter of law in directing judgment" in the defendant's favor (CPLR 3212 [b]). A defendant makes a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient "evidentiary proof in admissible form" to demonstrate the absence of any material issues of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Once this showing has been made, the burden shifts to the plaintiff, who must submit evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial of the action.

Initially, we note that even if plaintiff's opposition to the motion was based on a different theory of negligence than that alleged in the complaint, pleadings should be liberally construed and any defect ignored unless a substantial right is prejudiced (see 12 Barker Hill Road, Inc. v Miranti, 130 AD3d 1425 [2015]). Here, defendants failed to show that they suffered any prejudice as they were aware of the facts relied upon by plaintiff from the deposition testimony of the witnesses.

In our view, the Civil Court properly denied defendants' motion, as plaintiff raised questions of fact as to whether the bus driver was negligent in either causing the bus to stop short or in failing to prevent the bus from stopping short as a result of the children playing with the rear door.

Accordingly, the order is affirmed.

PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 29, 2018

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>